**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JOSEPHINE ACOME,** | |
| Plaintiff, | No. _____ |
| -against- | CLASS ACTION |
| | JURY DEMANDED |
| **MIDLAND FUNDING LLC and** | |
| **FORSTER & GARBUS, LLP,** | |
| Defendants. | |

# COMPLAINT

## INTRODUCTION

1.   This complaint alleges a consumer class action brought by Plaintiff individually and on behalf of consumers subjected to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA") by Defendants Midland Funding LLC and Forster & Garbus, LLP.  The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Venue in this District is proper in that the Defendants transact business here, the conduct complained of occurred here, and the interests of justice require maintenance of this action in this District.

## CLASS ACTION ALLEGATIONS

3.   This class action is brought by Plaintiff, individually and on behalf of a class, consisting of consumers with New York addresses who: (a) within one year prior to the

filing of this action; (b) were caused to be served with New York State debt collection summonses and complaints by debt collector Midland Funding and Forster & Garbus as well as Midland Funding using other debt collector law firms as its attorneys; (c) in which Webbank was identified as the original creditor in the summonses and/or complaints when in fact either CIT Bank or MetaBank was the original creditor.

4. Under Federal Rules of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that, upon information and belief, hundreds of debt collection summonses and complaints were caused to be served by debt collectors Midland Funding and Forster & Garbus as well as Midland Funding using other debt collector law firms as its attorneys in the past year in which Webbank was falsely and deceptively named as the original creditor in violation of 15 U.S.C. §§ 1692e and 1692f of the FDCPA, the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal question presented by Count I is whether the debt collection summonses and complaints caused to be served by debt collector Midland Funding and Forster & Garbus as well as Midland Funding using other debt collector law firms as its attorneys in which Webbank was falsely and deceptively identified as the original creditor violated the 15 U.S.C. §§ 1692e and 1692f of the FDCPA, and their subsections.

   c. The only individual issue in Count I is the identification of the consumers who were served with debt collection summonses and complaints by Midland Funding and Forster & Garbus as well as Midland Funding using other debt collector law firms as its attorneys in which Webbank was falsely and deceptively identified as the original creditor, a matter capable of determination from the records of Midland Funding, Forster & Garbus, and Midland Funding's other attorneys.

   d. Plaintiff's claims are typical of those of the Count I class members. All are based on the same facts and legal theories.

   e. Plaintiff will fairly and adequately represent class members' interest and she has retained counsel experienced in bringing class actions and

collection abuse claims.

5. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy. No known class actions are pending that set forth the same issue. This District is a reasonable forum for the class action, which involves collection summonses and complaints served on New York State residents. There are not likely to be any unusual circumstances affecting the management of the class action.

6. If the facts are discovered to be appropriate, Plaintiff will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## PARTIES

7. Plaintiff Josephine Acome ("Acome") is a natural person residing in this District in the County of Wayne, State of New York.

8. Defendant Midland Funding LLC ("Midland Funding"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

9. Defendant Forster & Garbus, LLP ("Forster & Garbus") is a domestic

registered limited liability partnership law firm engaged in the business of collecting debts in New York and is authorized to do business in this state, and has a principal place of business at 60 Motor Parkway, Commack, New York 11725.

10. Midland Funding is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Midland Funding itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

11. Here, Midland Funding purports to have purchased the right to collect a debt against Acome after that alleged debt had already gone into default.

12. Forster & Garbus is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Acome qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, as that term is defined in 15 U.S.C. § 1692a(3).

14. The debt sought to be collected by Midland Funding and Forster & Garbus was an alleged consumer credit card debt of Acome to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

**FACTUAL ALLEGATIONS**

15.     On or about April 9, 2015, Midland Funding by its attorneys, Forster & Garbus, filed a debt collection action against Acome in Supreme Court, Wayne County, State of New York, entitled *Midland Funding LLC A/P/O Webbank v. Josephine Acome*, Index No. 78433/15.   The collection summons and complaint was served on Acome subsequent to filing.

16.     The complaint in the collection action alleged a single cause of action in which Midland Funding alleged that it purchased a credit card account on which Acome was liable for $3,172.31.  The summons and complaint in the collection action alleged that Webbank was the original creditor on the credit card account.

17.     Midland Funding further alleged in the collection complaint to have obtained the credit card account after it was already in default.

18.     On or about June 11, 2015, Acome interposed an answer in the collection action in which she denied the allegations of the collection action complaint, and raised various affirmative defenses.

19.     Midland Funding and Forster & Garbus submitted various papers to the court in the collection action in opposition to a motion made by Acome.  These papers included, among others, the Affidavit of Facts of Emily Walker, an officer of Midland Funding, sworn to September 3, 2015; the Affidavit of Sale of Account by Debt Seller made by C.J. Hamilton, Vice President of Bluestem Brands, Inc., sworn to March 18, 2014; and a spreadsheet entitled "Field Data" allegedly printed by Midland Credit Management, an affiliate of Midland Funding.

20.     The Affidavit of Facts by Emily Walker alleged that Acome opened a

Webbank account on March 30, 2007.  The "Field Data" spreadsheet also alleged that Acome's alleged account was originated on March 30, 2007.  The Affidavit of Sale of Accounts by Debt Seller made by C.J. Hamilton alleged that for Webbank accounts originated prior to February 16, 2010, the original creditor was CIT Bank, which then transferred the accounts to MetaBank in 2010.  On accounts originated between February 17, 2010 and June 30, 2012, MetaBank was the original creditor, and transferred the accounts to Webbank in 2012.  Further, according to the C.J. Hamilton Affidavit, Bluestem Brands acquired the accounts from Webbank and sold them to Midland Funding in 2014.

21. Therefore, according to Midland Funding's papers in the collection action, the original creditor for accounts originated prior to June 30, 2012 was either CIT Bank or MetaBank, not Webbank.  For an account originated in 2007, CIT Bank would have been the original creditor.

22. The designation of Webbank as the original creditor in the collection action against Acome was false and deceptive, since the actual original creditor on accounts originated prior to June 30, 2012 was either CIT Bank or MetaBank.

23. Upon information and belief, Midland Funding has caused to be served on numerous other consumers debt collection summonses and complaints in which Webbank was identified as the original creditor even though CIT Bank or MetaBank was the original creditor.  Some of these lawsuits were handled on behalf of Midland Funding by Forster & Garbus, and others were handled by other debt collector law firms.

24. With regard to the debt collection action against Acome by Midland Funding, there was an award in arbitration in favor of Acome against Midland Funding of no cause

for action on December 8, 2015, which was filed with the Clerk of the Court on December 11, 2015.

## COUNT I

**Violations of 15 U.S.C. §§ 1692e and 1692f Against Defendants Brought by Josephine Acome, Individually and on Behalf of a Class**

25. Acome repeats and realleges and incorporates by reference the above paragraphs of the Complaint as if set forth fully in this Count.

26. By causing the service of the debt collection summonses and complaints on Acome and other class members in which the summonses and/or complaints falsely and deceptively identified the original creditor as Webbank when in fact the original creditor was either CIT Bank or MetaBank, Midland Funding and Forster & Garbus as well as Midland Funding using other debt collector law firms as its attorneys violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Midland Funding and Forster & Garbus as well as Midland Funding using other debt collector law firms misrepresented in the collection summonses and/or the collection complaints served on class members that the original creditor was Webbank, when in fact either CIT Bank or MetaBank was the original creditor.

27. Midland Funding and Forster & Garbus and Midland Funding using other debt collector law firms violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection summonses and complaints served on class members, including Acome, the character and legal status of the alleged debt. Midland Funding and Forster & Garbus and Midland Funding using other collection law firms as its

attorneys falsely represented in the collection summonses and collection complaints that Webbank was the original creditor when in fact CIT Bank or MetaBank was the original creditor, not Webbank.

28.   In serving the aforementioned debt collection summonses and complaints, Midland Funding and Forster & Garbus and Midland Funding using other collection law firms as its attorneys violated 15 U.S.C. § 1692f, which provides in relevant part: "§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Midland Funding and Forster & Garbus as well as Midland Funding using other collection law firms as its attorneys violated § 1692f by misrepresenting the identity of the original creditor as Webbank, when in fact the original creditor was CIT Bank or MetaBank.

29.   As a result of Defendants' deceptive and unfair debt collection practices in violation of the FDCPA, Defendants Midland Funding and Forster & Garbus are liable to Plaintiff and the members of the class for statutory damages.

**DEMAND FOR JURY TRIAL**

30.   Plaintiff demands a trial by Jury.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Statutory damages to Acome and the other class members pursuant to 15 U.S.C. § 1692k.

B.  Costs, litigation expenses and attorney fees pursuant to 15 U.S.C. § 1692k.

C.  For such other and further relief as may be just and proper.

Dated: April 8, 2016

Respectfully submitted,

s/David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
2129 Five Mile Line Road
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com